UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVARO ALEXANDER BARRAZA CRUZ, <br><br> Petitioner, <br><br> v. <br><br> WARDEN OF THE GOLDEN STATE ANNEX, *et al.*, <br><br> Respondents. | Case No.  1:26-cv-04642-VC <br><br> **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** <br><br> Re: Dkt. Nos. 1, 2 |

Petitioner Alvaro Alexander Barraza Cruz was arrested by U.S. Immigration and Customs Enforcement ("ICE"), a division of the Department of Homeland Security ("DHS"), on May 19, 2026. He filed this petition for a writ of habeas corpus and motion for a temporary restraining order arguing that his detention without a finding that he is a flight risk or danger to the community violate due process. *See* Dkt. No. 1 ¶¶70–74. For the reasons that follow, the Court GRANTS the petition and resolves the motion for a temporary restraining order as moot.[1]

## I.    BACKGROUND

Petitioner entered the United States as a twelve-year-old unaccompanied minor on October 7, 2014, and was taken into DHS custody shortly thereafter. Dkt. No. 1 ¶14. He was concurrently placed in removal proceedings and served with a Notice to Appear charging him as inadmissible. *Id*. Immigration authorities then designated Petitioner as an unaccompanied minor

---

[1] In setting a briefing schedule on the petition for writ of habeas corpus and motion, the court informed that parties that it intended to rule on both the petition and motion together. Neither party objected. *See* Dkt. Nos. 6, 7.

and transferred him to U.S. Department of Health and Human Services, Office of Refugee Resettlement ("ORR") custody. Dkt. No. 2-3 at 11. On October 17, 2014, ORR released Petitioner to the custody of his mother pursuant to the Temporary Victims Protection Reauthorization Act ("TVPRA"). *Id*.

Following his release, Petitioner established a life in California. He supports his mother financially and is the father of two U.S.-born children who depend on him for financial and emotional support. Dkt. No. 1 ¶ 30. He has cooperated in his removal proceedings, and has pursued applications for legal status. On February 23, 2015, Petitioner's removal proceedings were administratively closed (*id*. ¶14), and his next immigration hearing is not scheduled until January 19, 2028 according to the Executive Office of Immigration Review docket. *See* https://acis.eoir.justice.gov/en/caseInformation.

Prior to his detention, Petitioner was arrested and convicted for failing to stop during a traffic stop and sentenced to twelve days of community service. *Id*. ¶ 16.  In late May 2026, Petitioner was ordered to report back to jail, and subsequently taken into ICE custody. *Id*. ¶ 18.

## II.    DISCUSSION

Petitioner argues that because civil immigration detention is typically justified only when a noncitizen presents a risk of flight or danger to the community, *see Zadvydas v. Davis*, 533 U.S. 678, 690 (2001), *Padilla v. ICE*, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023), the Due Process Clause bars the government from re-detaining him without first providing a hearing where it must make that showing. *See id*. ¶¶ 40–42. While "acknowledg[ing] the cases to the contrary in this District[,]" Respondents argue that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b). Dkt. No. 6 at 2–3.

This Court—like many others throughout this circuit—rejects the argument that Petitioner may be mandatorily detained under § 1225(b). These courts have found that "[t]he detention of unaccompanied minor children is governed by the TVPRA, which does not mandate detention." *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2686866, *4–5 (E.D. Cal. Sept. 18, 2025) (citing 8 U.S.C. § 1232(d)(2)(A)–(B)). The Court concurs with this

reasoning here, and finds that Petitioner may not be lawfully detained under § 1225(b) where he was previously released by the ORR pursuant to the TVPRA. *See, e.g.*, Cornejo *v. Andrews*, 823 F. Supp. 3d 1085, 1096–97 (E.D. Cal. 2026); *Guaman-Pinto v. Archambeault*, No. 26-CV-1716-JES-BLM, 2026 WL 849302, at *2 (S.D. Cal. Mar. 27, 2026); *P.A.H.E. v. Noem*, No. 1:26-CV-01164-DJC-JDP, 2026 WL 451662, at *2 (E.D. Cal. Feb. 17, 2026).

As Respondents have not argued that the Petitioner's traffic violation or any other factors provide a legal basis for his detention, the Court turns next to due process. Petitioner's due process claim is analyzed "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure that any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-cv-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)).

### A.     Protected Liberty Interest

The Trafficking Victims Protection and Reauthorization Act ("TVPRA") that governs the detention of unaccompanied minors encountered at the border, like Petitioner, provides that in making custody determinations the ORR should consider "danger to self, danger to the community, and risk of flight." 8 U.S.C. § 1232(c)(2)(A). The ORR's release of Petitioner then reflects a determination that he was not a flight risk or danger to the community when he was released to the custody of his mother. *See Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176, 1178 (N.D. Cal. 2017) ("[Immigration officials] may release the minor to a "sponsor" … so long as the minor is not dangerous …. Release [therefore] reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk." (citing 8 U.S.C. § 1232(c)(2)(A)), *aff'd* 905 F.3d 1137 (9th Cir. 2018). "Thus, DHS may generally not re-arrest a previously released noncitizen absent a change in circumstances." *Singh v. Noem*, No. 26-CV-0932-GPC-MMP, 2026 WL 468159, at *2 (S.D. Cal. Feb. 18, 2026).

Numerous courts have found that where an unaccompanied minor is released by the ORR to a sponsor, he obtains a liberty interest in his continued freedom, even after reaching

adulthood. *See, e.g., Sergio S.M. v. Noem*, No. 1:25-CV-01973-KES-HBK (HC), 2025 WL 3768206, at *3 (E.D. Cal. Dec. 31, 2025); *R.D.T.M.*, 2025 WL 2686866, *4–5; *F.S.S.M. v. Wofford*, No. 1:25-CV-01518-TLN-AC, 2025 WL 3526671, at *3 (E.D. Cal. Dec. 9, 2025); *P.A.H.E. v. Noem*, No. 1:26-CV-01164-DJC-JDP, 2026 WL 451662, at *2 (E.D. Cal. Feb. 17, 2026). Immigration officials' release of Petitioner in October 2014 allowed him to reunited with his mother in the United States, and eventually start a family of his own. Dkt. No. 1 ¶¶ 30–33. Under these circumstances, the Court finds that Petitioner has a protected liberty interest in his release. *See Guillermo M. R. v. Kaiser*, No. 25-CV-05436-RFL, 2025 WL 1983677, at *4 (N.D. Cal. July 17, 2025) (recognizing that "the liberty interest that arises upon release [from immigration detention] is *inherent* in the Due Process Clause"); *Ortega v. Kaiser*, No. 25-cv-05259-JST, 2025 WL 1771438, at *3 (N.D. Cal. June 26, 2025) (collecting cases finding that noncitizens who have been released have a strong liberty interest).

### B.    Due Process

As Petitioner has a protected liberty interest in his continued freedom, the Court must next determine what process is due before the government may terminate his liberty. Many courts have applied the test established by the Supreme Court in *Mathews v. Eldridge* in considering what process is due in the immigration context. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022). There are three factors relevant to the due process inquiry under the *Mathews* framework: (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation ... and the probable value, if any, of additional or substitute procedural safeguards," and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

As to the first *Mathews* factor, the Court finds that Petitioner has a substantial private interest in remaining out of immigration custody because he has been released pending civil removal proceedings for over twelve years. Since then, he has started a family and pursued various forms of immigration protections. "[His] detention denies [him] that freedom." *Omer*

*G.G. v. Kaiser*, 815 F. Supp. 3d 1098, 1111 (E.D. Cal. 2025).

Turning to the second factor, "the risk of an erroneous deprivation [of liberty] is high" when, as here, "[the Petitioner] has not received any bond or custody redetermination hearing." *A.E. v. Andrews*, No. 1:25-cv-00107-KES-SKO, 2025 WL 1424382, at \*5 (E.D. Cal. May 16, 2025). Civil immigration detention, which is "nonpunitive in purpose and effect[,]" is justified when a noncitizen presents a risk of flight or danger to the community. *See Zadvydas*, 533 U.S. at 690; *Padilla*, 704 F. Supp. 3d at 1172. Though Petitioner has a minor criminal record, Respondents here have not argued here that any finding of changed circumstances was made prior to his detention indicating Petitioner is a danger to the community. Nor have they argued that Petitioner's prior arrest violated a specific condition of his release or made it impractical to conduct a hearing prior to his detention. As there have been no procedural safeguards to determine if Petitioner's re-detention is justified, "the probable value of additional procedural safeguards, i.e., a bond hearing, is high." *A.E.*, 2025 WL 1424382, at \*5; *F.S.S.M.*, 2025 WL 3526671, at \*6 (finding risk of erroneous deprivation considerable where "as here, Petitioner was previously released pursuant to a finding that he was neither dangerous nor a flight risk" under the TVPRA).

The final *Mathews* factor also weighs in Petitioner's favor. Although the government has a strong interest in enforcing the immigration laws, the government's interest in detaining Petitioner without a hearing is "low." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093–95 (E.D. Cal. 2025). In immigration court, custody hearings are routine and impose a "minimal" cost. *Doe*, 787 F. Supp. 3d1094. "If the government wishes to re-arrest [Petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low." *Ortega*, 415 F. Supp. 3d at 970.

## III.    CONCLUSION AND ORDER

Accordingly, the Petition is GRANTED. IT IS HEREBY ORDERED that:

1.    Respondents immediately release Petitioner ALVARO ALEXANDER BARRAZA CRUZ from their custody.

2.      Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation and/or custody hearing.

3.      If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which the Government must show by clear and convincing evidence that he is a flight risk or danger to the community.

4.      This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

5.      The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: June 30, 2026

_____

VINCE CHHABRIA
United States District Judge